ENGLAND'S EXECUTORS

*v.*

THE DANIEL F. BEATTY ORGAN AND PIANO COMPANY.

1. The president of a manufacturing corporation is not entitled to the lien given by the act for what he earns while serving the company as president.

2. He is a member of the corporation as well as an officer, and therefore is part of the head or force which employs, and cannot be both employer and employee, as the act now stands.

3. To give a preference to the members of a corporation for sums claimed by them for services, would be against the true spirit of the act and against public policy.

*Messrs. Barkalow, Pennington & Beam,* for petitioners.

*Mr. G. A. Hobart,* for receiver.

BIRD, V. C.

The petitioners say that their testator was the president of the Daniel F. Beatty Organ and Piano Company for several months before his death, and that during that time he rendered it very valuable services, for which he got no compensation, although he expected to receive about $1,000 per month; and that a receiver

England's Executors *v.* Beatty Organ Co.

was appointed under the statute in such case provided, and they insist that, under such statute, they are entitled to such compensation as said testator earned as one of the employees of said company.

Reference was made to a master, who reported that the said testator was entitled at the time of his death, and that his executors are now entitled, to $3,750 for services rendered to said company by said testator, while president of it. The question is upon the confirmation of this report.

The statute (*Rev. p. 188 § 63*) provides:

"That in case of the insolvency of any corporation, the laborers in the employ thereof shall have a lien upon the assets thereof for the amount of wages due to them respectively, which shall be paid prior to any other debt or debts of said company; and the word 'laborers' shall be construed to include all persons doing labor or service of whatever character for or as workmen or employees in the regular employ of such corporation."

Is the president of a corporation, when engaged in and about the business of his company, whatever its character may be, a laborer, within the contemplation of the act? Does the act fairly mean to embrace one or all of the members of the company, as well as all or any others who may be employed by it? Can the members of a corporation employ themselves respectively, and, in case of failure, stand upon the statute for any compensation that may be due?

The president of a corporation, under the act, is and must be a director. He is part and parcel of the organization. There must be employer as well as employed; and the question arises: Does the act authorize the organization, which is the employer, to employ itself? Does the statute mean to go so far as to empower the directors of a corporation to employ themselves, as the workmen and laborers, to do all the work and labor necessary to be done, and then, in case of insolvency, to give them the statutory lien, and to prefer them to all the general creditors? I cannot so understand the act. I think, under our statute, every court would do nothing more than place every such creditor upon the same footing as the general creditor.

I cannot perceive any reason for giving the slightest advantage to those under whose management such a concern is wrecked.

I am well satisfied that to make favorites of this class would be against the true spirit of the act as well as against a wise public policy. The spirit of the act is manifestly to pay "laborers doing labor or service of whatever character for or as workmen or employees in the regular employ of such corporation," and not to give a preference to the individual members of the corporation; and not that they may employ themselves and maintain both attitudes, employer or employee, as their individual gain and the loss of creditors may dictate. And as to the public policy of so extending the construction as is urged, let it be considered how strong the inducement as well as how convenient for every director to be employed "doing labor or service as a workman or employee" for his company; and let it also be considered what a prolific source of injustice and fraud such construction would prove to be. There are numerous considerations in this direction which will arise to the mind of the thoughtful.

It has been pressed upon my attention that in this very case the secretary of the company has been preferred to the extent of his claim. What was the relation of the secretary to the company, besides being secretary (that is, whether he was a director or not), does not appear. The secretary and treasurer need not be directors, but the act provides that the directors shall elect one of their own number president.

As the act under consideration is worded I cannot see my way clear to advise that the president is entitled to a preference over general creditors for what may be due to him for services rendered while acting in that capacity. I think the petition should be dismissed, with costs.